UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:23cv62197

ALEXANDRIA BERRY,

    Plaintiff,

v.

SPRING OAKS CAPITAL SPV, LLC

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55, *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sued in this District.

## PARTIES

3. Plaintiff, Alexandria Berry ("Berry"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, Spring Oaks Capital SPV, LLC, ("Spring Oaks") is a limited liability company organized under the laws of the State of Delaware. Its principal place of business is at 1400 Crossways Blvd., Suite100B, Chesapeake, VA 23320

5. Spring Oaks is registered with the Florida Department of State Division of Corporations as a limited liability company. Its registered agent for service of process is Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

6. Spring Oaks regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Spring Oaks is registered as a consumer collection agency.

8. Spring Oaks is a "debt collector" as defined in the FDCPA.

9. Spring Oaks is a creditor as defined by the FCCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff obtained a loan from Cross River Bank.

11. Plaintiff defaulted on the loan, which was subsequently assigned to Defendant.

12. Defendant sought to collect from Plaintiff an alleged debt ("the debt") for a consumer loan.

13. The debt was for a personal, household, or family purpose.

14. Spring Oaks, on December 7, 2022, filed a state court action against Berry for the alleged loan.

15. Berry, on or about May 26, 2023, retained legal counsel to represent her interests in the state court action. A Notice of Appearance was filed with the state court and sent to Spring Oaks' state court counsel. A copy of the Notice of Appearance is attached as Exhibit "A."

16. A pretrial conference occurred on May 30, 2023.

17. Spring Oaks was represented by a coverage attorney, Kathleen Angione. At the pretrial conference, Berry advised Ms. Angione that she was represented by an attorney.

Notwithstanding this, Spring Oaks pressured Berry to sign a settlement agreement. A copy of the Stipulation is attached as Exhibit "B."

18. Spring Oaks' attorney should not have spoken with Berry as she was represented by counsel and advised Spring Oaks of this.

19. Berry was pressured into signing an agreement with which she did not agree.

20. Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

21. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

22. No court had authorized Defendant's direct communication with Plaintiff

23. At the time Defendant spoke with Plaintiff at the pretrial conference, Defendant knew the FDCPA and FCCPA prohibited it from communicating directly with Plaintiff.

24. If Defendant continues to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail herself of the representation of her counsel.

25. The actions of Defendant caused Plaintiff to incur actual damages including attorney's fees and emotional pain and suffering.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C. §1692c(a)(2)

26. Plaintiff incorporates Paragraphs 1 through 25.

27. Defendant communicated directly with Plaintiff when Defendant knew or should have known that Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory and actual damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper

### COUNT II
### COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF FLA. STAT. §559.72(18)

28.    Plaintiff incorporates Paragraphs 1 through 25.

29.    Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72(18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory and actual damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper

### COUNT III
### ATTEMPTING TO COLLECT AN IMPROPER DEBT IN VIOLATION OF 15 U.S.C §1692e(2)(a)

30.    Plaintiff incorporates Paragraphs 1 through 25.

31.    Defendant attempted to collect a debt by coercing Berry to sign an agreement when it knew or should have known that it should not have spoken with her in violation of 15 U.S.C. §1692e(2)(a).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory and actual damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

             Debt Shield Law
             3440 Hollywood Blvd., Suite 415
             Hollywood, FL 33021
             Tel: 754-800-5299
             Fax: 305-503-9457
             service@debtshieldlaw.com
             joel@debtshieldlaw.com
             dayami@debtshieldlaw.com

             */s/ Joel D. Lucoff*
             Joel D. Lucoff
             Fla. Bar No. 192163